**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SHERI SPEER,<br>*Plaintiff*,<br><br>v.<br><br>CARRINGTON MORTGAGE<br>SERVICES, LLC, *et al*.<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:25-cv-02060 (KAD)<br><br><br><br><br>September 16, 2026 |

**MEMORANDUM OF DECISION**
**RE: DEFENDANT TRANSUNION, LLC'S MOTION TO DISMISS (ECF NO. 15)**

Kari A. Dooley, United States District Judge.

This action arises out of Defendant Carrington Mortgage Services, LLC ("Carrington")'s reporting to consumer reporting agencies regarding a mortgage on Plaintiff's property located at 50 Sunnyside Avenue, New London, Connecticut. One such consumer reporting agency is Defendant TransUnion, LLC ("TransUnion"). Carrington is the servicer on the mortgage, which is currently the subject of a foreclosure in Connecticut Superior Court. Plaintiff asserts violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, as well as the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Pending before the court is TransUnion's Motion to Dismiss, ECF No. 15, to which Plaintiff has objected. For the reasons that follow, the motion is **GRANTED**.

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

at 678 (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557). If a complaint only "pleads facts that are 'merely consistent with' a defendant's liability," it does not establish a plaintiff's plausible entitlement to relief. *Id*. (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "formulaic recitation[s] of the elements" are not entitled to a presumption of truth. *Id*. (quoting *Twombly*, 550 U.S. at 555). Nevertheless, when reviewing a motion to dismiss, the Court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

**Allegations and Procedural History**

This case began in the Small Claims Session of the Superior Court in New London before it was removed by TransUnion on December 10, 2025. NOR, ECF No. 1. As a result, the allegations are sparse and so the Court includes them in their entirety:

> Carrington (Mortgage Servicer) and Credit Reporting Bureaus (Equifax, TransUnion and Experian) continue to report incorrect information for mortgage on my property (50 Sunnyside Avenue) where my mother resides, a property maintained for family and household purposes. Carrington has also sent false statements pursuant to 15 USC § 1692e misrepresenting the character, amount and status of the debt. All three are claiming that US Bank has the Note but they were made aware that US Bank never had the Note. All four have failed to comply with the Real Estate Settlement Procedures Act in correcting the information in addition to failing to comply with the Fair Credit Reporting Act by continuing to fail to mark the dispute as well as reporting that the disputes existed and failing to investigate the disputes with due diligence. Further, Entities are involved in a settlement with Plaintiff involving a continuation of the same fact pattern. Reference is made to *Speer v. TransUnion, LLC*[,] 3:23-cv-01573-JAM, which was settled and resolved, and which the Defendant Entities in this case have renewed the conduct complained of therein.

Ex. A, ECF No. 2 at 2–3 (alteration added).

On December 22, 2025, TransUnion filed the instant Motion to Dismiss, ECF No. 15, and Memorandum in support thereof, ECF No. 16. On February 18, 2026, Plaintiff, appearing *pro se*, filed an Opposition, ECF No. 23, and on February 19, 2026, TransUnion filed its reply, ECF No. 24.

**Discussion**

TransUnion moves to dismiss the Complaint on two grounds: (1) TransUnion is not a mortgage servicer subject to RESPA and (2) the claims under the FCRA must fail because Plaintiff has not identified any inaccuracy in TransUnion's Reporting. Mot. to Dismiss, ECF No. 15 at 1. Furthermore, TransUnion argues the Complaint must be dismissed with prejudice because Plaintiff cannot amend her claims to save them from dismissal. *Id*. Plaintiff contends that Defendants have failed to comply with a federal settlement, that removal was unnecessary, that repleading is unnecessary unless ordered by the Court, and that the Court must construe a *pro se* litigant's claims liberally. Opp'n, ECF No. 23 at 1–3. In its reply, TransUnion maintains that it is not subject to Plaintiff's RESPA or FCRA claims, and that Plaintiff could not allege any set of facts that would cure such deficiencies. Reply, ECF No. 24 at 2, 6. The Court agrees with TransUnion.

***RESPA***

The Court discerns that Plaintiff refers to Section 2605(e)(3) of RESPA with regard to her claim that all Defendants have failed to correct false information in violation of RESPA. *See* Ex. A, ECF No. 2 at 2. Section 2605(e)(3) provides:

> During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency (as such term is defined under section 1681a of Title 15).

12 U.S.C. § 2605(e)(3).

Critically, a "servicer" is defined under RESPA as "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)[.]" 12 U.S.C. § 2605(i)(2). TransUnion, as identified in Plaintiff's Complaint is a "Credit Reporting Bureau[,]" Ex. A, ECF No. 2 at 2; *see also* Mot. to Dismiss, ECF No. 16 at 4, whereas Carrington is identified as a mortgage servicer, Ex. A, ECF No. 2 at 2. Accordingly, the Court finds Plaintiff may not state a claim against TransUnion under RESPA because it is inapplicable to a consumer reporting agency. *See Iqbal*, 556 U.S. at 678.

***FCRA***

Plaintiff also asserts a cause of action under the FCRA for "fail[ure] to mark the dispute as well as reporting that the disputes existed and failing to investigate the disputes with due diligence." Ex. A, ECF No. 2 at 2–3 (alteration added). The Court discerns this cause of action to implicate Sections 1681e(b) and 1681i of the FCRA.

Section 1681e(b) of the FCRA provides: "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Section 1681i provides:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

*Id*. at § 1681i(a)(1).

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*,

551 U.S. 47, 52 (2007) (citation omitted). "The FCRA places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies." *O'Diah v. New York City*, No. 02 Civ. 274 (DLC), 2002 WL 1941179, at *12 (S.D.N.Y. Aug. 21, 2002) (citations omitted). "The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a. As previously addressed, there is no dispute that Defendant is a consumer reporting agency under the FCRA as both TransUnion and Plaintiff identify TransUnion as such.[1] *See* Ex. A, ECF No. 2 at 2; *see also* Mot. to Dismiss, ECF No. 16 at 4

As to the FCRA, this statute does "create[ ] a private right of action against credit reporting agencies for the negligent or willful violation of any duty imposed under the statute." *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995) (citation omitted). But to state a claim against a consumer reporting agency for a violation of either Section 1681e(b) or Section 1681i of the FCRA, "a plaintiff must allege facts showing," *inter alia*, "that the disputed information was inaccurate." *Gross v. Priv. Nat'l Mortg. Acceptance Co.*, 512 F. Supp. 3d 423, 426 (E.D.N.Y. 2021). Here, the Complaint does not even identify what the "disputed information" was, let alone what was inaccurate about how the information was reported. Instead, Plaintiff only alludes to failure to report and investigate disputes without specifying where and how TransUnion erred. Ex. A, ECF No. 2 at 2–3. These allegations are plainly insufficient and do not give rise to an inference

[1] Also known as a "credit reporting agency." *See, e.g.*, *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023) (using both terms interchangeably).

that Defendants negligently or willfully violated a duty imposed by the FCRA. *See Casella*, 56 F.3d at 473.

**Conclusion**

For the foregoing reasons, Defendant's Motions to Dismiss, ECF No. 15 is **GRANTED**. Plaintiff's claims against TransUnion are **DISMISSED with prejudice** as repleading would be futile for the reasons discussed herein. *See Grasso v. Donnelly-Schoffstall*, No. 21-1021, 2022 WL 728839, at *2 (2d Cir. Mar. 11, 2022) (affirming dismissal with prejudice where amendment would be futile (citing *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006))). The Clerk of the Court is respectfully directed to terminate Defendant TransUnion.

**SO ORDERED** at Bridgeport, Connecticut, this 16 day of September 2026.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE