**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SHERI SPEER,<br>*Plaintiff*,<br><br>v.<br><br>CARRINGTON MORTGAGE<br>SERVICES, LLC, *et al*.<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:25-cv-02060 (KAD)<br><br><br><br><br>September 18, 2026 |

**<u>MEMORANDUM OF DECISION</u>**
**RE: DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC'S MOTION TO DISMISS (ECF NO. 22) AND PLAINTIFF'S MOTION TO INITIATE DISCOVERY (ECF NO. 52)**

Kari A. Dooley, United States District Judge.

This action arises out of Defendant Carrington Mortgage Services, LLC ("Carrington")'s reporting to credit reporting agencies regarding a mortgage on Plaintiff's property located at 50 Sunnyside Avenue, New London, Connecticut. Carrington is the servicer on the mortgage, which is currently the subject of a foreclosure action in Connecticut Superior Court. Plaintiff asserts violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, as well as the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Pending before the Court is Carrington's Motion to Dismiss, ECF No. 22, to which Plaintiff has objected. For the reasons that follow, the motion is **DENIED**. Therefore, the claims against Carrington shall proceed to discovery and Plaintiff's motion to Initiate Discovery is **GRANTED**.

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557). If a complaint only "pleads facts that are 'merely consistent with' a defendant's liability," it does not establish a plaintiff's plausible entitlement to relief. *Id*. (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "formulaic recitation[s] of the elements" are not entitled to a presumption of truth. *Id*. (quoting *Twombly*, 550 U.S. at 555). Nevertheless, when reviewing a motion to dismiss, the Court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010). Given Plaintiff's *pro se* status, the allegations are "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**Allegations and Procedural History**

This case began in the Small Claims Session of the Superior Court in New London before it was removed by Defendant TransUnion LLC ("TransUnion") on December 10, 2025. NOR, ECF No. 1. As a result, the allegations are sparse and so the Court includes them in their entirety:

> Carrington (Mortgage Servicer) and Credit Reporting Bureaus (Equifax, TransUnion and Experian) continue to report incorrect information for mortgage on my property (50 Sunnyside Avenue) where my mother resides, a property maintained for family and household purposes. Carrington has also sent false statements pursuant to 15 USC § 1692e misrepresenting the character, amount and status of the debt. All three are claiming that US Bank has the Note but they were made aware that US Bank never had the Note. All four have failed to comply with the Real Estate Settlement Procedures Act in correcting the information in addition to failing to comply with the Fair Credit Reporting Act by continuing to fail to mark the dispute as well as reporting that the disputes existed and failing to investigate the disputes with due diligence. Further, Entities are involved in a settlement with Plaintiff involving a continuation of the same fact pattern. Reference is made to *Speer v. TransUnion, LLC*[,] 3:23-cv-01573-JAM, which was settled and resolved,

and which the Defendant Entities in this case have renewed the conduct complained of therein.

Ex. A, ECF No. 2 at 2–3 (alteration added).

On February 14, 2026, Carrington filed the instant Motion to Dismiss, ECF No. 22. On March 11, 2026, Plaintiff, appearing *pro se*, filed an Opposition, ECF No. 25, and on March 18, 2026, Carrington filed its Reply, ECF No. 26.

On April 20, 2026, TransUnion filed a Motion to Stay Discovery, ECF No. 28, pending the resolution of its then-pending Motion to Dismiss, ECF No. 15,[1] and the instant Motion to Dismiss filed by Carrington, ECF No. 22. Plaintiff consented to the motion, which the Court granted, noting that "Plaintiff may file a motion to lift the stay and proceed with discovery at any point, whether the Motions to Dismiss have been adjudicated or not." Order, ECF No. 29. On August 18, 2026, Plaintiff filed a Motion to Initiate Discovery, ECF No. 52, to which Carrington objected, ECF No. 57.

**Discussion**

First, in its introduction, Carrington argues that the factual predicate for any claim has been adjudicated against Plaintiff in the foreclosure action that commenced in the Superior Court in New London.[2] Mot. to Dismiss, ECF No. 22-1 at 1–2. Carrington asks this Court to take judicial notice of the foreclosure action wherein the Court held that U.S. Bank Trust National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank") had standing to prosecute the foreclosure.[3] *See id.*; *see also* Ex. C, ECF No. 22-4. Carrington thus asserts that the "very

[1] The Court granted TransUnion's Motion to Dismiss on September 16, 2026. *See* Order, ECF No. 57.

[2] The Superior Court Case is one of four Superior Court Cases currently on joint appeal at the Connecticut Appellate Court. *See Speer v. McCalla Raymer Liebert Pierce, LLC*, AC 50264 (Conn. App. Ct.).

[3] The Court agrees that it can take judicial notice of the foreclosure action, *see Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts[.]" (citation omitted)), and that in doing so, the Motion to Dismiss is not converted to a Motion for Summary Judgment under Rule

allegation that Plaintiff complains about, specifically that US Bank 'never had the Note' has no bearing on the fact that Plaintiff is in default on her mortgage . . . and [t]hus, the very allegations in this complaint have already been adjudicated against Plaintiff in a states (sic) court action." Mot. to Dismiss, ECF No. 22-1 at 7. Although Carrington appears to be asserting a defense of *res judicata*, Carrington specifies in its Reply that *res judicata* "is not the basis upon which Defendant seeks to dismiss this matter." Reply, ECF No. 26 at 3. The Court therefore limits its analysis to the relief Carrington seeks under Rule 12(b)(6); in that vein, Carrington argues Plaintiff's Complaint is insufficient to assert a claim under either RESPA or the FCPA. Mot. to Dismiss, ECF No. 22-1 at 3–5.

In response, Plaintiff asserts that the pleadings must be liberally construed and that the pleadings are sufficient to proceed to discovery. *See generally* Opp'n, ECF No. 25. In Reply, for the first time, Carrington asserts that the Court should abstain from hearing Plaintiff's claims regarding RESPA and FCRA under both *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) and *Younger v. Harris*, 401 U.S. 37 (1971). Reply, ECF No. 26 at 3–6. However, the Court does not take up issues raised for the first time in a Reply brief. *Wang v. Omni Hotels Mgmt. Corp.*, 607 F. Supp. 3d 219, 229–30 (D. Conn. 2022) ("A party cannot raise an issue for the first time in a reply brief.") (citations omitted); *see also Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) (same).

Although Carrington asserts that Plaintiff's Complaint is insufficient to satisfy a RESPA or FCRA claim, Carrington provides no analysis whatsoever of the pleading requirements of a RESPA

12(d). Fed. R. Civ P. 12(d); *see also* Fed. R. Civ. P 56; *Press v. Primavera*, 685 F. Supp. 3d 216, 224 (S.D.N.Y. 2023) ("[M]atters of which the court takes judicial notice are not considered matters outside the pleadings; the Court may consider them when adjudicating a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." (citations omitted)).

or FCRA claim.[4] Instead, Carrington asks the Court to rely on evidence outside the record, specifically that the Superior Court found that "Carrington is actually accurately reporting the correct party is prosecuting the foreclosure," Mot. to Dismiss, ECF No. 22-1 at 4 and that Plaintiff is not a consumer under RESPA because she is a landlord and the property at issue is a rental property. *Id*. at 5. In reverse order, this latter argument is flatly contradicted by the allegations that the property is "where my mother resides, [and is] a property maintained for family and household purposes." Ex. A, ECF No. 2 at 2. Again, the allegations are taken as true on a motion to dismiss. *Interworks Sys. Inc.*, 604 F.3d at 699.

As to the former argument, in the foreclosure action, the Superior Court adjudicated whether the plaintiff in that matter, U.S. Bank, had standing to prosecute the foreclosure against Ms. Speer. *See* Ex. C, ECF No. 22-4. Upon submitting proof that the original Note had been lost, the court found that U.S. Bank, indeed, had standing to maintain the foreclosure action against Ms. Speer. *Id*. at 2–3. The Superior Court did not, however, consider whether Carrington or any credit reporting agency had reported incorrect information, marked disputes, or conducted proper investigations pursuant to RESPA or FCRA. *See generally id*; *see also* Ex. A, ECF No. 2 at 2–3.

On reviewing a motion to dismiss, the court is confined to the facts alleged in the complaint. Where, as here, a party seeks to introduce additional facts and rely on matters outside the pleadings, they must do so in a motion for summary judgment. *See Boyce v. Erie Cnty.*, No. 13-cv-0619S, 2014 WL 4923588, at *3 (W.D.N.Y. Sept. 30, 2014) (explaining that court cannot properly consider materials outside the pleadings on a motion to dismiss without converting motion to dismiss into motion for summary judgment) (citing *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985)).

[4] Carrington asserts that Plaintiff's allegations "appear to be a statement that the incorrect information" constitutes "a form of fraud." Mot. to Dismiss, ECF No. 22-1 at 3–4. The Court rejects Carrington's construction of Plaintiff's Complaint. She has clearly and unequivocally invoked both RESPA and FCRA.

Furthermore, while the Court can take judicial notice of another court's filings, the Court cannot take judicial notice of another court's *factual findings*. *See, e.g.*, *In re Olympia Off. LLC*, 585 B.R. 661, 667 (E.D.N.Y. 2018) ("a court . . . cannot take judicial notice of the factual findings of another court." (citing *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992)).

For purposes of evaluating a motion to dismiss, Plaintiff's allegations are assumed to be true and as the non-movant, "all reasonable inferences [are drawn] in [Plaintiff]'s favor." *Interworks Sys. Inc.*, 604 F.3d at 699. Carrington's broad and conclusory assertions that Plaintiff has not plausibly alleged a RESPA or FCRA violation are insufficient. *See generally id.* And insofar as Carrington otherwise relies entirely on the state court's factual findings, the Motion to Dismiss is **DENIED**.

**Conclusion**

For the foregoing reasons, Carrington's Motion to Dismiss, ECF No. 22, is **DENIED**. Plaintiff's Motion to Initiate Discovery, ECF No. 52, is **GRANTED**. The stay of discovery is lifted and the parties shall file a Joint 26(f) Report on or before **October 2, 2026**.[5]

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of September 2026.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

[5] Alternatively, if the parties are in agreement, the parties can file a joint motion to remand this matter to the Superior Court Small Claims Session where it was originally filed.